UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SITEPRO, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | 6:23-cv-00115-ADA-DTG |
| v. | § | |
| | § | |
| WATERBRIDGE RESOURCES, LLC | § | |
| ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING PLAINTIFF'S OPPOSED
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff's Opposed Motion for Leave to File Second Amended Complaint ("Motion for Leave to Amend") pursuant to Federal Rule of Civil Procedure 18, 20, and Section 299 of the Leahy-Smith America Invents Act ("Section 299").

**I.   BACKGROUND**

On April 14, 2023, Plaintiff filed its First Amended Complaint. *See* ECF No. 49, p. 14. About four months later—on August 15, 2023—Plaintiff was issued U.S. Patent No. 11,726,504 ("the '504 Patent"). *See id.* at 14–15. That same day, Plaintiff sent a copy of the '504 Patent to Defendants' counsels via email, along with a statement informing Defendants' counsels that Plaintiff intended to add the '504 Patent to this case. *See id.* at 14–15 (citing Ex. 2, Aug. 15, 2023, email from Craig Tyler to counsel for Defendants). Around two months after Plaintiff's email—on July 19, 2023—Plaintiff's employees had a meeting with its customer Ovintiv. During this meeting, Ovintiv informed Plaintiff that it had signed a contract with TIGA the prior week and that Ovintiv had a team working on transitioning its current system—which Plaintiff had created for Ovintiv—to a TIGA system. *See id.* Later that same day, TIGA sent Plaintiff an email asking

1

Plaintiff to send it a "[l]ist of end devices per site/location[;] [p]rotocol per end device and how [SitePro] is currently polling them (native drivers, opc, MQTT, etc.)[;] [e]quipment names and equipment types per site (i.e., Meter xxx is a gas lift meter, Tank xxx is a water tank[;] [t]ag export that includes registers and alarm properties[;] [m]etadata for any functional relationships between equipment, wells, sites, etc.[;] IPs and explanation of communication architecture so Ovintiv can begin dual polling[]" so that TIGA could add this information to the system it was creating for Ovintiv. *See id.* (citing Ex. 3, July 19, 2023, email from Lisa Clark of TIGA to employees of Ovintiv and SitePro).

On September 22, 2023, Plaintiff filed its Motion for Leave to Amend, in which it sought to add its '504 Patent and other TIGA integration systems, present and future, similar to the WaterBridge Clone System to the case, including the system TIGA created for Ovintiv. *See id.* at 19. The deadline to amend pleadings was March 14, 2024. *See id.* at 15–16. Thus, Plaintiff timely filed its Motion for Leave to Amend before this Court's deadline to amend pleadings.

Defendants do not oppose adding the '504 Patent to this case. *See* ECF No. 51, p. 14; ECF No. 52, p. 13. However, Defendants oppose adding other TIGA integration systems that are similar to the WaterBridge Clone System and allegedly use Plaintiff's trade secrets misappropriated from Plaintiff by Defendants to create their original infringing product—the WaterBridge Clone System—to the case. *See* ECF No. 51, p. 14; ECF No. 52, p. 13. Nevertheless, Defendants do not dispute that they are properly joined defendants. *See* ECF No. 51, p. 17–20.

## II.     LEGAL STANDARDS

A district court's discretion to grant or deny a motion for leave to amend a pleading is limited by Federal Rule of Civil Procedure 15(a), which states that the court "should freely give leave" to amend "when justice so requires." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002)). This

language in Rule 15(a) "evinces a bias in favor of granting" the courts "leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)).

Once defendants are properly joined to a case, plaintiffs can add any and all claims it has against said defendants without having to analyze whether said defendants were properly joined. *See Fractus, S.A. v. AT&T Mobility LLC*, No. 18-CV-00135, 2019 WL 3253639, at *15–17 (E.D. Tex. July 19, 2019) (citing Fed. R. Civ. P. 18(a)) (stating that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party.").

Defendants must be properly joined to a case in accordance with Rule 20's joinder of parties requirements for non-patent cases and Section 299's joinder of parties requirements for patent cases. Rule 20 and Section 299 have two prongs: (1) a same transaction-or-occurrence test and (2) a common question of law or fact test, though Section 299 also includes a same accused product or process test within its same transaction-or-occurrence test. *See* 35 U.S.C. § 299(a); Fed R. Civ. P. 20(a)(1)(A). To satisfy Rule 20's same transaction-or-occurrence test, there must be a "logical relationship" between two claims. *In re EMC Corp.*, 677 F.3d 1351, 1357–58 (Fed. Cir. 2012). In infringement cases, Rule 20 also requires each defendant's allegedly infringing acts "share an aggregate of operative facts." *NFC Technology, LLC v. HTC America*, 2014 WL 3834959, *2 (E.D. Tex. 2014) (citing *In re EMC,* 677 F.3d at 1359). For defendants in patent infringement cases to be properly joined in accordance with Section 299's same transaction-or-occurrence test, plaintiffs' claims must "*aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to . . . the same accused product or process*[.]" 35 U.S.C. § 299(a) (emphasis added).

Courts can still deny joinder of parties under Rule 20 and Section 299 "even if plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all

3

defendants[]" "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (citing *In re EMC,* 677 F.3d at 1360).

### III.     ANALYSIS

**A. Since Defendants are already properly joined, Plaintiff does not need to prove Defendants' proper joinder before proving its new claims are properly joined.**

A plaintiff with existing claims against properly joined defendants can join "as many claims as it has" against said defendants, even if those claims are "independent or alternative claims[.]" Fed. R. Civ. P. 18(a). Defendants do not dispute that they are properly joined defendants. *See* ECF No. 51, p. 17–20. However, they dispute that the joinder of claims analysis requires the court to investigate whether defendants are properly joined, or should remain so joined, before the court investigates whether the proposed claims are properly joined. *See id.* at 19–20.

Once defendants are properly joined to a case, plaintiffs can add additional claims against said defendants without having to analyze whether said defendants were properly joined. *See Fractus, S.A. v. AT&T Mobility LLC*, No. 18-CV-00135, 2019 WL 3253639, at *15–17 (E.D. Tex. July 19, 2019) (citing Fed. R. Civ. P. 18(a)). Rule 18's amendment omitted the rule's original requirement that permitted joinder of claims only if Rule 20's requirements were satisfied. *See* Fed. R. Civ. P. 18(a)'s Advisory Committee's Notes on Rule 18(a)'s 1966 Amendment. Congress implemented this change to ensure that after a plaintiff properly joined defendants to its case, that plaintiff could add any and all claims against said defendants to the case, regardless of whether those claims arose out of the same transaction or involved questions of law or fact common to all the parties—the joinder of parties test. *See id.* (citing *Federal Housing Admr. v. Christianson,* 26 F. Supp. 419 (D. Conn. 1939); *Noland Co., Inc. v. Graver Tank & Mfg. Co.,* 301 F.2d 43, 49–51 (4th Cir.1962); *C. W. Humphrey Co. v. Security Alum. Co.,* 31 F.R.D. 41 (E.D. Mich. 1962)) (stating

4

that "permitted joinder of claims is not affected by the fact that there are multiple parties in the action. The joinder of parties is governed by other rules operating independently.").

Here, Defendants do not dispute that they were properly joined when Plaintiff filed its initial claims against them, or that they should remain properly joined. *See* ECF No. 51, p. 17–20. Instead, Defendants argue that the court must investigate whether Defendants were properly joined or should remain joined before delving into the joinder of claims analysis. *See id.* at 19–20. However, Defendants' request for this Court to first investigate joinder of parties is inconsistent with their belief that they were properly joined and should remain joined.

Also, Plaintiff's new claims are merely additional non-patent and patent claims against Defendants rather than entirely new claims. *See* ECF No. 54, p. 17 (citations omitted). Plaintiff's initial claims allege that Defendants worked together to misappropriate Plaintiff's trade secrets, which Defendants used to create an infringing product. *See id.* In its new claims, Plaintiff simply claims that one defendant—TIGA—used said trade secrets to create additional infringing products. *See id.* Since Defendants are already properly joined and Plaintiff seeks to add claims against Defendants stemming from its initial claims against Defendants rather than entirely new claims, Plaintiff need not prove that Defendants were properly joined before its joinder of claims request can be analyzed.

Further, Congress created Section 299 to prevent plaintiffs from adding defendants to the same patent infringement case when those defendants were weakly related to one another. *See* H.R. REP. NO. 112-98 pt.1 at 54 (2011). Since it has already been determined that previously properly joined defendants are not weakly related to one another, a plaintiff does not need to prove that said defendants are still properly joined before proving that its proposed claims are properly joined. *See Fractus, S.A. v. AT&T Mobility LLC*, No. 18-CV-00135, 2019 WL 3253639, at *15–17 (E.D. Tex. July 19, 2019).

### B. Plaintiff's new claims are properly joined.

Plaintiff's new non-patent and patent claims are properly joined against Defendants. Plaintiff can add any and all claims it has against Defendants, even if its claims are independent or alternative to Plaintiff's initial claims. *See* Fed. R. Civ. P. 18(a). Thus, Plaintiff can properly add its new non-patent and patent claims against Defendants.

### C. Even if joinder of parties were analyzed, Plaintiff's new claims satisfy Rule 20's and Section 299's joinder of parties requirements.

Defendants must be properly joined in a case in accordance with Rule 20's joinder of parties requirements for non-patent cases and Section 299's joinder of parties requirements for patent cases. *See In re Nintendo Co., Ltd.*, 544 F. App'x 934, 938–39 (Fed. Cir. 2013) (citing *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982) (footnote omitted)).

Plaintiff's new non-patent claims satisfy Rule 20's first prong—its transaction-or-occurrence test. Rule 20's transaction-or-occurrence test is satisfied if a "logical relationship" exists between two claims. *In re EMC Corp.*, 677 F.3d 1351, 1357–58 (Fed. Cir. 2012). The logical relationship test requires that the facts surrounding each cause of action against each defendant have a "substantial evidentiary overlap." *Id.* at 1358. Particularly, in infringement cases, the acts that a plaintiff claims are each defendant's allegedly infringing acts "must share an aggregate of operative facts." *Id.*

Plaintiff's new non-patent claims against Defendants—Plaintiff's claims that Defendants misappropriated its trade secrets under 18 U.S.C. § 1839(3) and the Texas Uniform Trade Secrets Act—have a substantial evidentiary overlap. *See* ECF No. 51, pp. 13–14. Plaintiff contends that Defendants conspired to misappropriate Plaintiff's trade secrets and create the original infringing product—the WaterBridge Clone System—and further created other allegedly infringing systems similar to the WaterBridge Clone System, such as the integration system created by TIGA for

Ovintiv. *See* ECF No. 54, p. 17 (citations omitted). Assuming this is true, Plaintiff's new non-patent claims against each Defendant have substantial evidentiary overlap since they both require delving into the facts surrounding Plaintiff's initial claims against Defendants. For the same reasons, each Defendant's allegedly infringing acts in Plaintiff's new claim share an aggregate of operative facts.

Plaintiff's new patent claims satisfy Section 299's first prong—its transaction-or-occurrence and same accused product or process tests. Plaintiff's new patent claims against Defendants—Plaintiff's claims that TIGA's integration systems similar to the WaterBridge Clone System used Plaintiff's trade secrets to create similar integration systems for other customers—arise out of the same transaction or occurrence as its initial patent claims against Defendants. *See* ECF No. 49, p. 14. For defendants in patent infringement cases to be properly joined in accordance with Section 299's transaction-or-occurrence test, plaintiffs' claims must "*aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to . . . the same accused product or process*[.]" 35 U.S.C. § 299(a) (emphasis added). As explained in Rule 20's transaction-or-occurrence test's analysis, Plaintiff alleges its new patent claims arise from Defendants' initial misappropriation of Plaintiff's trade secrets and the creation of the original infringing product. *See* ECF No. 54, p. 17 (citations omitted). Thus, Plaintiff's new patent claims against Defendants arise from the same transaction or occurrence.

Plaintiff's new patent claims also relate to the same accused product or process—the integration system Plaintiff alleges TIGA created for WaterBridge using Plaintiff's trade secrets and then used to create similar integration systems for other customers. Accused products are the same even if they are diverse as long as they use identical component parts. *NFC Technology, LLC v. HTC America*, 2014 WL 3834959, *2 (E.D. Tex. 2014) (citing *Imperium IPP Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 WL 461775, at *2–3 (E.D. Tex. Jan. 20, 2012)). Here,

Defendants allegedly used Plaintiff's trade secrets to create products/processes similar to the WaterBridge Clone System. Defendants' initial product/process—the WaterBridge Clone System—and its new products/processes allegedly use identical component parts—Plaintiff's trade secrets—to function. *See* ECF No. 54, p. 17 (citations omitted). Therefore, Plaintiff's new patent claims' accused product and its initial claims' accused products are the same or reasonably similar.

Plaintiff's new claims also satisfy Rule 20's and Section 299's second prong. Rule 20's and Section 299's second prong require all defendants have a common question of fact. As explained above, Plaintiff alleges its new claims stem from Defendants prior misappropriating acts, which make up the basis of Plaintiff's initial claims against Defendants. *See* ECF No. 54, p. 17 (citations omitted). Thus, Plaintiff cannot resolve its new claims without investigating the facts surrounding its initial claims. Consequently, Plaintiff's new claims share common questions of fact with its initial claims.

Since Plaintiff's new claims satisfy both prongs of Rule 20 and Section 299, Defendants are properly joined to this case.

### D. This Court will not deny joinder of Defendants based on policy exceptions.

This Court will not deny joinder of Defendants based on the joinder of parties rules' policy exceptions, because Plaintiff's new claims do not satisfy said exceptions. Even if a plaintiff's claims satisfy both of Section 299's and Rule 20's prongs, courts can still deny joinder of parties to avoid prejudice and delay, ensure the court's time and resources are used efficiently, and protect principles of fundamental fairness. *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (citing *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)). Prejudice, delay, conservation of judicial resources, and the preservation of principles of fundamental fairness all weigh in favor of allowing Plaintiff's new claims to be added to this case. Since Plaintiff's new claims require an investigation into the facts surrounding Plaintiff's initial claims—as discussed above—it would

unduly prejudice Plaintiff to require Plaintiff to pursue those claims in a separate action. It would also be a waste of judicial resources for this Court to address such similar claims in separate actions. Finaly it would delay resolution and be fundamentally unfair to Plaintiff and this Court to require a separate resolution of claims involving common questions of fact and law. Thus, the policy exceptions do not counsel against joinder.

### E.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Second Amended Complaint to the Western District of Texas (ECF No. 49) is **GRANTED**.

The Clerk of Court is **ORDERED** to file Exhibit 1 (ECF No. 49-1) as Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**
**SIGNED** this 22nd day of April, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

9